Howell, J.
This is a suit for six thousand pounds of-cotton, or its value at the date of instituting suit, and is -based on the following instrument:
“Received of S. D. Parker, for account of C. Yale, Jr. & Co., S780, in payment of 6000 pounds cotton, class strictly middling, it being thirteen cents per pound, which I promise to have ginned and neatly put up as soon as rope and bagging can be procured, and deliver the same in good order at Marcell.
This 7th July, 1863. (Sighed) WilIiam Matthews.
(Transfer)
William Matthews.
Pay to the order of ,J. W. Howard, and oblige,
S. D. Pabkee,
This 6th June', 1864,
Mansfield, La., Sept, 14th, 1865.-
We ratify the transfer made by S. D. Parker, above.
(Signed) , C. Yale, Jb, & Co, , ,. per C. M. Pegues, Agent.”
Plaintiff charges fraud on the part of the defendants’ agent, Parker, in representing the cotton to be in the possession of the said . Matthews, when in point of fact it was not, at the date of the pretended sale to him, and alleges that the sum of twenty-four hundred dollars, paid by him, to said Parker, for the cotton, was used by the latter for the benefit of defendants.
The defence, among other matters, is, that the consideration of said transfer was illegal, being Confederate notes. To this, plaintiff replies that the contract is an executed contract, and that his suit is in the nature of a demand for damages for eviction after the sale.
In this we cannot concur. We view the suit as one to enforce a contract *452 of sale, the plaintiff setting up the written transfer, and asking that the defendants be condemned to pay him six thousand pounds of ginned Ootton, or- its value. And, as the consideration in each transaction is clearly shown to have been Confederate treasury notes, the contract is one, which our courts, under the settled jurisprudence of the State, cannot enforce. This question is not an open one.
It'is therefore ordered that the judgment appealed from be reversed, and that plaintiff’s demand be dismissed, with costs in both courts.